UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG ERIC ANDERSON,

    Petitioner,

v.

    CASE NO. 2:11-CV-13098
    HONORABLE VICTORIA ROBERTS
    UNITED STATES DISTRICT JUDGE

STEVE RIVARD,

    Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE**

Craig Anderson, ("Petitioner"), a state prisoner presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his convictions for carrying a concealed weapon, felon in possession of a firearm, and felony-firearm. Petitioner has also filed a motion to stay the habeas corpus proceedings and hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts and that are not included in his current habeas petition. For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to return to the state courts to exhaust his additional claims. If this fails, the petition will be dismissed without prejudice.

1

## I. Background

Petitioner was convicted after a trial in the Wayne Circuit Court and was sentenced on October 24, 2008. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals that was denied "for lack of merit in the grounds presented." *People v. Anderson*, No. 294686 (Mich.Ct.App. March 29, 2010). Petitioner asserts that he thought his appellate counsel was going to appeal this decision to the Michigan Supreme Court, but that he failed to do so. The time to appeal to the Michigan Supreme Court expired 56 days after the decision of the Michigan Court of Appeals, or on May 24, 2010. Petitioner dated his instant petition for writ of habeas corpus on July 10, 2011. Petitioner has also filed a motion to hold the habeas petition in abeyance so that he can return to the state courts to present all his claims in a motion for relief from judgment and subsequent appeal.

## II. Discussion

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson*, 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state-court proceedings, there must be exceptional or unusual circumstances. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). "Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims." *Moritz v. Lafler*, No. 2:07-CV-15369, 2008 U.S. Dist. LEXIS 21813, 2008 WL 783751, at *2 (E.D. Mich. Mar. 19, 2008) (*citing Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *Tran v. Bell*, 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell*, 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998)).

In this case, Petitioner requests a stay because he alleges that his assigned appellate counsel did not file an application for leave to appeal in the Michigan Supreme Court following his direct appeal, and as a result, he lost the ability to exhaust his habeas claims during that proceeding. He wishes to return to the state courts to pursue claims of ineffective assistance of trial and appellate counsel.

The Court grants Petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust his new claim. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). See 28 U.S.C. § 2244(d)(1). Indeed, the petition already appears to have been filed in violation of the one-year statute of limitations. Conceivably, however, Petitioner may be able to argue for some period of equitable tolling due to his appellate counsel's alleged ineffectiveness in failing to pursue relief in the Michigan Supreme Court. The statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010).

A common circumstance calling for abating a habeas petition arises, as here, when the original petition containing unexhausted is in danger of being considered time-barred. *See Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)(*citing Rhines v. Weber,* 544 U.S. 269,

278 (2005)).

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove*, 300 F. 3d at 721; *See also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

It may ultimately prove to be the case that review of the habeas petition will be barred by the statute of limitations. There is a chance, however, that Petitioner will be able to establish facts in the state court to demonstrate entitlement to equitable tolling, or that if his ineffective assistance of appellate counsel claim proves successful, he is awarded a new direct appeal which might act to reset the limitations period. *See, e.g., People v. Henderson*, 485 Mich. 1037 (2010).

### III. ORDER

It is **ORDERED** that Petitioner's motion to hold the petition for writ of habeas corpus in abeyance is **GRANTED**. Petitioner may file a motion for relief from judgment with the state court within sixty (60) days of receipt of this Court's order. If Petitioner fails to file a motion for relief

from judgment with the state courts by that date, the Court will dismiss his petition without prejudice.

If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case will then be held in abeyance pending Petitioner's exhaustion of the claims. Petitioner shall refile a habeas petition within sixty (60) days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 15, 2011

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Craig Eric Anderson by electronic means or U.S. Mail on August 15, 2011.<br><br>s/Carol A. Pinegar<br>Deputy Clerk |