UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG ANDERSON,

                Petitioner,                Case Number 11-cv-13098
                                            Honorable Victoria A. Roberts

STEVE RIVARD,

                Respondent.
_____/

## OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [dkt. 14], (2) DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND (3) DENYING A CERTIFICATE OF APPEALABILITY

Craig Anderson ("Petitioner"), a Michigan Department of Corrections prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his Wayne Circuit Court conviction for carrying a concealed weapon, MICH. COMP. LAWS § 750.227, felon in possession of a firearm MICH. COMP. LAWS § 750.224f, and use of a firearm during the commission of a felony - third offense MICH. COMP. LAWS § 750.227b. Respondent filed a motion for summary judgment; he asks the Court to dismiss the petition as untimely. Petitioner, through counsel, filed a response to the motion.

The Court agrees with Respondent and dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability.

## I. Procedural History

Petitioner was convicted after a trial for the above charges on August 21, 2008. Petitioner then filed an application for leave to appeal his convictions and sentence in the Michigan Court of Appeals. The application was denied "for lack of merit in the grounds presented." *People v. Anderson*, No. 294686 (Mich. Ct. App. March 29, 2010. Petitioner admits that he never appealed this decision to the Michigan Supreme Court.

On July 10, 2011, Petitioner filed this habeas action and a motion to stay the case so that he could return to the state court to exhaust additional claims. The Court granted the motion. On October 11, 2011, Petitioner filed a motion for relief from judgment in the trial court. The motion was denied, and his state collateral attack ultimately ended when the Michigan Supreme Court denied leave to appeal on May 28, 2013. *People v. Anderson*, 830 N.W.2d 400 (Mich. 2013). This case was subsequently reopened.

Respondent then filed this motion, asserting that Petitioner's habeas action was time-barred when it was originally filed. Petitioner argues that Respondent's position relies on a Supreme Court case that was decided after his direct appeal ended.

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Absent equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. See 28 U.S.C. § 2244(d)(1); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

The statute of limitations began to run in this case when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). None of the other potential starting points applies. Petitioner does not assert that his claims are based on previously unavailable facts or law, nor does he allege that the state created an external impediment preventing him from filing his petition. See §§ 2244(d)(1)(B)-(D).

"Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Here, however, Petitioner never pursued his direct appeal all the way through the Michigan Supreme Court. Rather, he

appealed the decision of the Michigan Court of Appeals.  Because a defendant may not seek certiorari in the United States Supreme Court from an intermediate state appellate court, see 28 U.S.C. § 1257(a), his direct review ended when the time for seeking review in the Michigan Supreme Court expired. See *Gonzalez v. Thaler*, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012). Under Michigan law, Petitioner had 56 days to appeal the March 29, 2010 decision of the Michigan Court of Appeals, or until May 24, 2010. Michigan Court Rule 7.302(C). The statute of limitations began running on the next day, and it expired one year later on May 24, 2011. Petitioner then filed the habeas petition on July 10, 2011, after the limitations period had already expired.

Petitioner responds by asserting that he reasonably believed the limitations period did not begin to run until 90 days after the Michigan Court of Appeals decision - the time one has to file a petition for a writ of certiorari in the United States Supreme Court after a state's highest court renders a decision. Petitioner argues that *Gonzalez*, which rejected this line of reasoning, was not decided until 2012, and its existence shows that there was confusion as to the statute of limitations calculations before that time. This argument is unpersuasive. While other circuits felt it was an open issue, it was well-settled in this Circuit at the time of Petitioner's direct review that a defendant did not get the additional 90 days when he never sought review, in the state's highest court. See *Kapral v. United States*, 166 F.3d 565, 577 (6th Cir. 1999); *O'Valle v. United States*, 48 Fed. Appx. 957, 2002 WL 31379876, at *2 (6th Cir. 2002); *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003); *Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E. D. Mich. 2002); *Erwin v. Elo*, 130 F. Supp. 2d 887, 889

(E.D. Mich. 2001). Accordingly, it was not reasonable for Petitioner to assume that he had an additional 90 days after the Michigan Court of Appeals decision until the limitations period started running.

Petitioner also argues that he is entitled to equitable tolling on the grounds that his ignorance of the statute of limitations calculations is excusable by his pro se status, and because he is actually innocent of having three prior felony convictions.

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560; 177 L.Ed.2d 130 (2010). A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner may also be eligible for equitable tolling if he demonstrates a credible claim of actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice. *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). Equitable tolling is used "sparingly" by the federal courts. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Id*. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted).

The fact that Petitioner is a prisoner untrained in the law does not warrant equitable tolling. Ignorance of the law is not a valid reason for equitable tolling, even for imprisoned

pro se habeas petitioners. *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005); *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003).

Lastly, the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). See *Souter v. Jones*, 395 F. 3d 577, 599-600 (6th Cir. 2005). Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter*; he presents no new, reliable evidence to establish that he was actually innocent of being a third time habitual felony offender. See *Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005).

### III.  Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason could not find the court's procedural ruling that the petition is untimely debatable.

## IV. Order

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas

corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 24, 2014

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Craig Anderson by electronic means or U.S. Mail on June 24, 2014. |
| s/Linda Vertriest |
| Deputy Clerk |